UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DEON ANTHONY ROMELL BAILEY,**

    Petitioner,

v.                                              Case No: 5:24-cv-554-WFJ-PRL

**WARDEN, FCC COLEMAN USP I,**

    Respondent.

___

### ORDER DISMISSING PETITION

Petitioner, proceeding *pro se*, initiated this case by filing a Petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1).

### I. BACKGROUND

In July 2015, a grand jury returned a two-count Indictment charging Petitioner with two counts of distribution of crack cocaine near a playground in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 860. *See* Criminal Case 2:15-cr-1017-CJW-MAR (N.D. Iowa). Pursuant to a plea agreement, Petitioner plead guilty to lesser included offenses of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C). In June 2016, Petitioner was sentenced to 240 months imprisonment on Counts I and II, running concurrently, except for 55 months on Count II to run consecutively to the Count I, for a total term of 295 months. Petitioner appealed and the Eighth Circuit Court of Appeals affirmed the judgment and sentence. *See United*

*States v. Bailey*, No. 16-2954 (8th Cir. July 31, 2017). Petitioner's motion under 28 U.S.C. § 2255 was denied. *See* Case No. 2:18-cv-1034-LRR (N.D. Iowa). Petitioner's appeal was dismissed. *See* Case No. 20-2066 (8th Cir. Aug. 18, 2020).

This instant petition was docketed on October 15, 2024. (Doc. 1).

## II.   ANALYSIS

Collateral attacks on the legality of a sentence must be brought under 28 U.S.C. § 2255. The "savings clause" of § 2255(e) permits a federal prisoner to challenge his sentence pursuant to § 2241 only where "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of demonstrating that a § 2255 motion is "inadequate or ineffective." *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (*en banc*). In *McCarthan*, the Eleventh Circuit held that a prisoner has a "meaningful opportunity" to test his claim in a § 2255 motion even if that claim is foreclosed by binding precedent or barred by a procedural rule. *Id.* at 1086-87.

Absent narrow exceptions, the Eleventh Circuit has held that section 2241 is unavailable to challenge the validity of a sentence. *McCarthan,* 851 F.3d at 1079. The Eleventh Circuit recently provided examples in which, post-*McCarthan*, a motion to vacate would be an inadequate mechanism to test a prisoner's claim and thus a section 2241 would be an appropriate vehicle to test that prisoner's claim:

> *McCarthan* gave three examples of when a motion to vacate would be an inadequate mechanism to test a prisoner's claim: (1) if a federal prisoner challenges the execution of his sentence, e.g., the deprivation of good-time credits or parole determinations; (2) if the sentencing court is

> unavailable or has been dissolved; or (3) if practical considerations, such as multiple sentencing courts, prevent a petitioner from filing a motion to vacate.

*Williams v. Warden, FCC Coleman*, 803 F. App'x 324, 326 (11th Cir. 2020) (internal citations omitted).

Although the examples provided by the *McCarthan* court are not exhaustive, if a prisoner's claim fits within those categories identified in *McCarthan*, he may file a section 2241 habeas petition under section 2255(e)'s saving clause. But again, the focus is whether the "prisoner's claim merely challenges 'the validity of his sentence.'" *Id.* (internal citations omitted). If that is the focus of the claim, the prisoner "cannot proceed under § 2241 because he could raise this claim in a § 2255 motion." *Id.* (internal citations omitted).

Petitioner challenges the validity of his sentence claiming he is "actually innocent" of the Career Offender enhancement. He alleges that his Indictment did not contain a drug amount, his underlying harassment conviction does not qualify as a predicate offense, his underlying aggravated discharge conviction does not qualify as a predicate offense, his plea colloquy was inadequate due to the lack of factual basis related to the drug amount, and that someone else claimed responsibility for the charged crimes. (Doc. 1 at 6–7, 9–11).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." *See also* Rule 12, Rules Governing Section 2255 proceedings. Here, Petitioner has failed to demonstrate that a motion to vacate filed under section 2255 is

3

"inadequate or ineffective." *McCarthan,* 851 F.3d at 1081. Even construing his *pro se* petition liberally, as the Court must, his claim is not cognizable under section 2241 because he challenges the validity of his sentence, not the execution of his sentence. Petitioner has failed to show the applicability of section 2255(e)'s savings clause, and this Court therefore lacks jurisdiction to adjudicate this section 2241 petition.

The Petition does contain a reference to seeking the recovery of jail credit and good time credits. (Doc. 1 at 14). While a claim seeking those credits is properly raised in a § 2241 petition, the claim is not supported by any facts or argument.

Thus, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (directing *sua sponte* dismissal if the petition and records show that the moving party is not entitled to relief), the Petition (Doc. 1) is **DISMISSED without prejudice**. *See also* 28 U.S.C. § 2255(b). If Petitioner wishes to cure the deficiencies in his claims for jail and/or good time credits, he must file an Amended Petition **on or before November 15, 2024.** Failure to file an Amended Petition will result in the case being closed without further notice.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Tampa, Florida, on October 18, 2024.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　WILLIAM F. JUNG
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Copies to: Pro Se Party